UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

CASE NO. 23-1905

_____

WILLIAM T. PHILLIPS,
Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,
Respondent-Appellee.

_____

**PETITIONER-APPELLANT'S MOTION FOR
CERTIFICATE OF APPEALABILITY**

_____

NOW COMES Petitioner-Appellant, William T. Phillips, a federal prisoner, by and through undersigned counsel, and respectfully moves this Honorable Court for a certificate of appealability.  In support of his motion, Mr. Phillips submits the following:

1. On December 21, 2017, while represented by appointed trial counsel Lisa Dwyer, Mr. Phillips pleaded guilty, pursuant to plea agreements, to one count of engaging in a child exploitation enterprise in violation of 18 U.S.C. § 2252A(g) in each of two separate cases in the United

States District Court for the Eastern District of Michigan: 2:17-cr-20632 and 2:18-cr-20128.[1]

2. On July 18, 2018, Mr. Phillips was sentenced to two concurrent terms of 396 months, followed by five years of supervised release.

3. Mr. Phillips did not undertake a direct appeal.

4. On July 29, 2019, Mr. Phillips, through appointed appellate counsel Michael Skinner, filed two identical motions to vacate sentence, pursuant to 28 U.S.C. § 2255 (hereinafter, "the § 2255 motions") alleging ineffective assistance of trial counsel Ms. Dwyer. (2:17-cr-20632, R. 174). Case number 2:19-cv-12222 was opened pursuant to the filing of the § 2255 motion in this case; case 2:19-cv-12221 was also opened, corresponding to 2:18-cr-20128.

5. Specifically, the § 2255 motions alleged that Ms. Dwyer had been ineffective in failing to file a notice of appeal and in failing to adequately present mitigating factors warranting a downward departure to the district court prior to sentencing.

---

[1] This motion, filed in 23-1905, will refer to events and documents docketed in 2:17-cr-20632 and related civil and Sixth Circuit cases: 2:19-cv-12222, 21-1374, and 22-1743, unless otherwise noted. An identical motion, filed in 23-1900, will refer to events and documents docketed in 2:18-cr-20128 and related civil and Sixth Circuit cases: 2:19-cv-12221, 21-1375, and 22-1742.

6. The § 2255 motions were not signed under penalty of perjury by Mr. Phillips, nor were the motions accompanied by a sworn affidavit from Mr. Phillips.

7. In response to the § 2255 motions, the district court ordered the government to respond. (2:17-cr-20632, R. 191). The government filed a motion requesting an order from the district court finding a waiver of Mr. Phillips's attorney-client privilege and directing his trial counsel to "provide information and testimony" in response to the ineffective assistance of counsel claims raised by Mr. Phillips. (2:17-cr-20632, R. 205).

8. On December 13, 2019, the district court granted the government's motion in part, giving Mr. Phillips 30 days to withdraw his ineffective assistance claims or the district court would consider the attorney-client privilege waived and would order Ms. Dwyer to provide testimony and documentation regarding her representation of Mr. Phillips. (2:17-cr-20632, R. 218).

9. Mr. Phillips did not withdraw his claims.

10. Ms. Dwyer executed a Declaration under penalty of perjury, disputing Mr. Phillips's claims that he had asked her to file a notice of appeal and/or expressed his desire to appeal. She also disputed his claim that

she had not adequately advocated for a downward departure at
sentencing.

11. On April 7, 2020, Mr. Phillips, still represented by Mr. Skinner, filed a
    motion to amend his § 2255 motions, proposing to add one new ground
    upon which Mr. Phillips believed relief was warranted: that Ms. Dwyer
    had been ineffective in that she had not objected to nor obtained a
    transcript or otherwise learned the substance of the in camera, ex parte
    testimony received by the district court from the family member of a
    victim prior to sentencing. Mr. Phillips also objected to the district
    court's consideration of the statement on due process grounds.
    (Docketed only in 2:18-cr-20128, R. 205).

12. The government objected to the motion to amend. (2:17-cr-20632, R.
    240).

13. On July 2, 2020, the district court notified the parties that an
    evidentiary hearing on Mr. Phillips's § 2255 motions and the motion to
    amend would be held on October 28, 2020. (2:17-cr-20632, R. 244).

14. On July 28, 2020, Mr. Skinner filed a motion to withdraw from Mr.
    Phillips's case for medical reasons; specifically, Mr. Skinner sought to
    withdraw because he had been deemed legally blind. (Docketed only in
    2:18-cr-20128, R. 216).

15. On August 7, 2020, Mr. Phillips, still represented by Mr. Skinner, sent a *pro se* letter to the district court titled "Request for Clarification, Help, and Information Regarding Upcoming Evidentiary Hearing." (2:17-cr-20632, R. 251).

16. In the letter, Mr. Phillips stated that Mr. Skinner filed the § 2255 motions without his explicit approval or review and that Mr. Skinner had been largely unresponsive since his appointment by the district court, leaving Mr. Phillips confused about the evidentiary hearing scheduled for October 28, 2020.  Mr. Phillips also wrote that he had been informed by his mother, not by Mr. Skinner, that Mr. Skinner was seeking to withdraw from his case. *Id*.

17. The letter was postmarked at Mr. Phillips's Bureau of Prisons facility on August 7, 2020, but it was inexplicably not docketed by the district court until November 5, 2020. *Id*.

18. On September 16, 2020, the district court granted Mr. Skinner's motion to withdraw and adjourned the October 2020 evidentiary hearing to a new date, January 6, 2021, to permit Mr. Phillips time to obtain new counsel. (2:17-cr-20632, R. 250).

19. On November 23, 2020, approximately two and a half weeks after the district court received Mr. Phillips's letter of August 7, 2020, and with

no intervening activity apparent on either the 2:17-cr-20632 or 2:18-cr-20128 dockets, the district court *sua sponte* ordered both § 2255 motions withdrawn, and the motion to amend the § 2255 motions dismissed as moot. (2:17-cr-20632, R. 252).

20. On December 21, 2020, Mr. Phillips, through new retained appellate counsel, Zachary Newland, filed a motion for reconsideration of the district court's orders deeming his § 2255 motions to have been withdrawn. (2:17-cr-20632, R. 258).

21. On December 30, 2020, the district court canceled the evidentiary hearing that had been scheduled for January 6, 2021.

22. On April 15, 2021, the district court denied Mr. Phillips's motion for reconsideration of its order withdrawing the § 2255 motions. (2:17-cr-20632, R. 267).

23. Mr. Phillips, still represented by Mr. Newland, filed a notice of appeal regarding the district court's orders deeming his § 2255 motions withdrawn and denying his motions for reconsideration. (2:17-cr-20632, R. 268). The appeal was docketed in this Court as case number 21-1374.

24. On June 9, 2021, the district court denied a certificate of appealability. (2:17-cr-20632, R. 270).

25. On January 6, 2021, this Court granted a certificate of appealability as to whether Mr. Phillips's § 2255 motions should have been ordered withdrawn and the motion for reconsideration denied by the district court. (21-1374, R. 18).

26. Briefing in this Court notably included a joint motion between the government and Mr. Phillips, requesting "a remand for the district court to hold an evidentiary hearing and issue a decision" on the § 2255 motions. (21-1374, R. 24).

27. This Court "grant[ed] the parties' joint motions to remand, vacat[ed] the district court's orders deeming Mr. Phillips's § 2255 motions to have been withdrawn, and denying his motions for reconsideration, and remand[ed] for further proceedings."

28. This Court's Order vacating and remanding was filed May 20, 2022. (21-1374, R. 26).

29. The appeal mandate issued on July 12, 2022.

30. The same day this Court issued its mandate in 21-1374 and 21-1375, with no further briefing or any evidentiary hearing, the district court issued an Omnibus Opinion and Order denying Mr. Phillips's § 2255 motions and denying a certificate of appealability.

31. On August 24, 2022, Mr. Phillips, again through counsel Mr. Newland, appealed the denial of his § 2255 motions to this Court.

32. On December 20, 2022, this Court granted a certificate of appealability as to Mr. Phillips's claim that trial counsel provided ineffective assistance by failing to file a notice of appeal, determining that "reasonable jurists could debate whether the factual allegations in his § 2255 motions about instructing his trial counsel to file a notice of appeal were sufficient to warrant an evidentiary hearing and whether the district court erred in denying his ineffective assistance claim without an evidentiary hearing." (22-1743, R. 11).

33. On May 23, 2023, following briefing, this Court affirmed the district court's denial of Mr. Phillips's § 2255 motions, reasoning that because Mr. Phillips had not "submitted a signed declaration to counter [trial counsel's] declaration" regarding whether he had instructed her to file an appeal, the district court's refusal to hold an evidentiary hearing on remand to explore the ineffective assistance claims raised in his § 2255 motions was not an abuse of discretion. The district court did not therefore err in denying his ineffective assistance of counsel claims without such a hearing. (22-1743, R. 25).

34. On July 14, 2023, Mr. Phillips *pro se* filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) in the district court (hereinafter, "60b motion"). (2:17-cr-20632, R. 295).

35. Mr. Phillips requested "that this court please relieve me of the judgment denying my 2255 on July 12, 2022." (2:17-cr-20632, R. No. 295).

36. Mr. Phillips also requested "that this court allow me to amend my 2255 petition by simply allowing me to file under the penalty of perjury and/or file a sworn affidavit." *Id*. He additionally requested leave for his mother to file a sworn affidavit. *Id*.

37. On July 17, 2023, this Court issued its mandate in 22-1743.

38. On August 9, 2023, the district court granted Mr. Newland's motion of August 7, 2023, to withdraw from representation of Mr. Phillips. (2:17-cr-20632, R. 294).

39. The district court construed Mr. Phillips's Fed. R. Civ. P. 60(b) *pro se* motion as a request for leave to amend his § 2255 motions pursuant to Fed. R. Civ. P. 15(a)(2). (2:17-cr-20632, R. 297, PageID. 3771).

40. The district court denied leave after weighing the factors articulated in *Wade v. Knoxville Utils. Bd*., 269 F.3d 452, 458-459 (6th Cir. 2001). Specifically, the district court reasoned there had been undue delay in

filing the motion, and that "an amendment would cause undue prejudice to the opposing party and would be futile." (2:17-cr-20632, R. No. 297, PageID. 3771).

41. The district court also denied a certificate of appealability, holding that Mr. Phillips had not met his burden of showing that "reasonable jurists could debate whether the [district court] should have resolved the §2255 motion or the motion for relief from judgment in a different manner." (2:17-cr-20632, R. No. 297, PageID. 3774).

42. To obtain a certificate of appealability from this Court, Mr. Phillips must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

43. To make a substantial showing of the denial of a constitutional right, Mr. Phillips must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When the district court's denial is on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the

district court's denial is based on a procedural ruling, the movant must demonstrate that "jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

44. As a threshold matter, Mr. Phillips avers that he stated a valid claim of the denial of a constitutional right, i.e., his right to the effective assistance of counsel, in his § 2255 motions and in the 60(b) motion specifically at issue here.

45. Mr. Phillips has identified several issues upon which he requests this Court grant a certificate of appealability.

46. First, Mr. Phillips avers that jurists of reason would find it debatable whether the district court was correct in its procedural ruling construing his motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) as a motion to amend pursuant to Fed. R. Civ. P. 15(a)(2), and that therefore this Court should grant a certificate of appealability on this issue.

   a. The district court's choice to construe Mr. Phillips's motion as a 15(a)(2) motion to amend instead of a 60(b) motion for relief

from judgment dictated how the district court evaluated and eventually resolved Mr. Phillips's constitutional claim of ineffective assistance of counsel.

b.  The district court's opinion and order confidently proclaimed that Mr. Phillips failed to convince it that "reasonable jurists could debate whether the [district court] should have resolved the §2255 motion *or* the motion for relief from judgment in a different manner." (Emphasis added). Yet, per the district court's own words, its order denying Mr. Phillips's motion narrowly resolved what it considered to be a "motion to amend*"* pursuant to Fed. R. Civ. P. 15(a)(2), not a § 2255 or 60(b) motion.

c.  The appropriate standard of review and substantive and procedural requirements to obtain relief pursuant to a § 2255 motion, a 60(b) motion, and a motion to amend pursuant to 15(a)(2) are different.

d.  Jurists of reason would necessarily find it debatable whether the district court was correct in its procedural ruling construing the motion as a motion to amend and subsequently denying it, in light of the fact that the district court itself manifested confusion as to what type of motion it was resolving.

47. Second, Mr. Phillips avers that jurists of reason would find it debatable whether the district court was correct in its procedural ruling denying Mr. Phillips's "motion to amend," [2] and that therefore this Court should grant a certificate of appealability on this issue.

    a. The district court denied Mr. Phillips's "motion to amend" based on the test enumerated in *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001).

    b. Using the *Wade* factors, the district court found that Mr. Phillips's "motion to amend" was "extremely delayed" without any "persuasive reason," that any amendment would be "highly prejudicial to the government," and that the amendment would be futile. (2:17-cr-20632, R. No. 297).

    c. Contrary to the district court's assessment, Mr. Phillips's motion was not "extremely delayed."

        i. Mr. Phillips prepared and filed, *pro se*, his 60b motion on July 14, 2023, less than two months after he first became aware that his § 2255 motions were defective, which

---

[2] Paragraph 47 and its subsections will refer to Mr. Phillips's 60(b) motion as a "motion to amend" to reflect the district court's characterization of the motion, but in doing so, Mr. Phillips is not conceding his 60(b) motion was properly construed as such by the district court.

occurred--at the earliest--on May 25, 2023. On that date, in its Order affirming the district court's denial of his § 2255 motions, this Court pointed out that the absence of a sworn affidavit or signature executed under penalty of perjury violated Rule 2(b)(5) of the *Rules Governing 2255 Proceedings*. (22-1743, R. 25). This Court's Order explicitly identifying the defect came approximately four years after the § 2255 motions were filed on July 29, 2019.

ii. As this Court correctly pointed out, the district court did note the absence of a sworn affidavit/sworn signature on Mr. Phillips's § 2255 motions in its July 12, 2022, order denying Mr. Phillips's § 2255 motions; however, the district court did not specify it was a defect that itself precluded full consideration of his ineffective assistance claims. This occurred approximately three years after the § 2255 motions were filed.

iii. In the intervening years, the district court had twice scheduled, then canceled, evidentiary hearings on the ineffective assistance claims raised in Mr. Phillips's § 2255 motions without any reference to the lack of a sworn

affidavit or signature under penalty of perjury.  The

second rescheduled evidentiary hearing was on the docket

as late as December 30, 2020.  Mr. Phillips was not on

notice that he needed to seek to amend his motions.

iv. The two-month delay between Mr. Phillips being informed

that his § 2255 motions were defective and his preparing

and filing, *pro se*, a motion in response cannot be fairly

called "extremely delayed." Mr. Phillips was not on notice

prior to May 25, 2023, and any responsibility for delay

prior to that rests with Mr. Skinner, who filed the defective

motions and the district court's failure and/or delay in

flagging the defect has prejudiced Mr. Phillips.

v. Even if this Court were to find that Mr. Phillips's motion

was "extremely delayed," this Court has held that "delay

by itself is not sufficient reason to deny a motion to

amend." *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123

(6th Cir. 1989).

d. Also contrary to the district court's assessment, the government

would not be "highly prejudiced" if Mr. Phillips was permitted to

amend his § 2255 motions by filing sworn affidavits.

i. Mr. Phillips's claims regarding Ms. Dwyer's ineffective assistance are enumerated in the original § 2255 motions and would not change with the proposed amendments.

ii. The government and Ms. Dwyer knew the details of Mr. Phillips's ineffective assistance claims when the government responded to the § 2255 motions and when Ms. Dwyer executed her Declaration directly addressing Mr. Phillips's claims.

iii. The specific claims Mr. Phillips seeks to endorse by way of an amendment consisting of a sworn affidavit "relate back" to his original § 2255 motions in that they do not "assert a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). Rule 15(c) similarly references the concept of "relating back." While the *Mayle* "relate back" doctrine and Rule 15(c) inform the debate about whether a proposed amendment is actually a disguised second or successive § 2255 petition that would otherwise be barred, the logic underlying both is also applicable here: prior

notice of the claims undercuts arguments about untimeliness as well as prejudice.

    iv.  The government joined Mr. Phillips in moving for an evidentiary hearing on remand after Mr. Phillips appealed the district court's order withdrawing Mr. Phillips's § 2255 motions, presumably because the government was confident that it had adequately documented and prepared its response to Mr. Phillips's ineffective assistance claims. The claims will not change if Mr. Phillips is now permitted to amend his motions by filing sworn affidavits, therefore the government will not be prejudiced by having to respond to any different facts or allegations from those it had anticipated.

e.  Furthermore, contrary to the district court's assessment, the amendment Mr. Phillips seeks to submit would not be futile.

    i.  Mr. Phillips seeks to submit a signed affidavit or affidavits in order to conform his § 2255 motions to Rule 2(b)(5) of the *Rules Governing Section 2255 Proceedings for the United States District Courts*.

ii.  The district court stated that, absent a sworn affidavit in support of the allegations, or absent a signature executed under penalty of perjury, Mr. Phillips's claims of ineffective assistance of counsel are considered "mere allegations" and are insufficient to create a factual dispute versus Ms. Dwyer's Declaration.

iii. The district court cannot fairly determine whether Mr. Phillips's constitutional claims about Ms. Dwyer's ineffective assistance would succeed on the merits if it has characterized the allegations in his § 2255 motions as "mere allegations," but has received Ms. Dwyer's Declaration as "evidence."  Notably, neither Mr. Phillips's allegations nor Ms. Dwyer's Declaration has been subjected to the crucible of cross-examination that an evidentiary hearing would afford.

iv.  The district court's logic is circular: it reasons that Mr. Phillips cannot establish a factual dispute without a sworn affidavit, but that he cannot submit a sworn affidavit because the record currently does not show a factual dispute exists, thus a sworn affidavit would be futile.

v.  Permitting Mr. Phillips to amend his § 2255 motions through a sworn affidavit would permit—arguably, require-- the district court to consider Mr. Phillips's sworn statements as evidence, just as it has considered Ms. Dwyer's. This is what consideration on the merits requires.

vi.  Permitting such an amendment would not only *not* be futile, but it is also essential to due process.

f.  Fed. R. Civ. P. 15(a)(2) specifies that justice can compel the granting of a motion to amend even where procedural requirements are not met. Here, justice requires that Mr. Phillips be permitted to amend his § 2255 motions with a sworn affidavit. *See Whitfield v. United States*, 2022 U.S. App. LEXIS 11428, *11-12 (6th Cir. 2022).

i.  Justice demands that Mr. Phillips's motion be granted because he was deprived of opportunities to provide testimony under oath at evidentiary hearings through no fault of his own, to wit:

1.  The first evidentiary hearing, scheduled by the district court without mention that Mr. Phillips's

19

motions were defective, was rescheduled because Mr. Skinner withdrew from the case. Allowing Mr. Phillips to amend his § 2255 motions as proposed may be construed as an equitable way to address Mr. Skinner's ineffective assistance, as evidenced in his submission of unsworn and unsigned § 2255 motions.

2.   The second evidentiary hearing was canceled by the district court *sua sponte* after it ordered Mr. Phillips's § 2255 motions withdrawn. That order that was reversed by this Court, but the evidentiary hearing was not reinstated.

3. Mr. Phillips was deprived of a potential third chance to provide sworn testimony that would have largely obviated the need for a sworn affidavit when that evidentiary hearing following remand was not rescheduled, despite the fact that Mr. Phillips *and* the government jointly moved for an evidentiary hearing on remand from this Court.

g. Because the "motion to amend" was not extremely delayed, the amendment would not be "highly prejudicial to the government," the amendment would not be futile, and justice requires the grant of the motion to amend in this case, the district court's denial of Mr. Phillips's "motion to amend" for those reasons was an abuse of discretion.

h. Reasonable jurists would necessarily find it debatable whether a district court's procedural ruling that was an abuse of discretion could be correct.  Therefore, Mr. Phillips asks this Court to issue a certificate of appealability regarding this court's denial of his "motion to amend."

48. Mr. Phillips was deprived of his constitutionally guaranteed right to effective assistance of counsel and has adduced colorable claims to that effect.

49. Mr. Phillips's efforts to secure a merit-based adjudication of his ineffective assistance claims were initially and shockingly thwarted when the district court *sua sponte* ordered his § 2255 motions withdrawn from the record, a decision Mr. Phillips believes was born of the district court's personal animosity toward him.

50. Mr. Phillips has never received a merit-based adjudication of his claims of ineffective assistance of counsel, even after this Court issued a certificate of appealability on the question of whether his trial counsel had been ineffective.

51. Mr. Phillips has diligently sought a fair and full hearing on the merits of his ineffective assistance claims at every juncture and has been denied largely on procedural grounds emanating from the errors of his post-conviction counsel Mr. Skinner.

52. If this Court declines to grant a certificate of appealability as to the procedural correctness of either the district court's choice to construe Mr. Phillips's motion as a motion to amend or the district court's ultimate denial of what it deemed a motion to amend, Mr. Phillips asks this Court to grant a certificate of appealability as to precisely what the district court said was not debatable--"whether the Court should have resolved the § 2255 motion or the motion for relief from judgment in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further"--so that he can receive a hearing on the merits of his constitutional claims.

Respectfully submitted,

Dated:      November 6, 2023                    */s/ Kathryn M. Springstead*
                                               KATHRYN M. SPRINGSTEAD
                                               (P74925) TESSA K. MUIR (P79845)
                                               Counsel for Petitioner
                                               SBBL Law, PLLC
                                               60 Monroe Center St. N.W., Suite 500
                                               Grand Rapids, Michigan 49503
                                               (616) 458-5500
                                               kathy@sbbllaw.com
                                               tessa@sbbllaw.com